## Van Slyck's Estate

*Julian W. Barnard*, for appellant.
*Paul P. Wisler*, for Commonwealth.

HOLLAND, P. J., January 22, 1942.—The appeal embodies two complaints . . .

The other complaint is the refusal of the Department of Revenue to permit the deduction of a liability of decedent, which, we take it, is admitted as a proper liability had it been included in the list of debts and deductions at the proper time. It appears by the evidence that decedent had a margin account with the firm of A. C. Wood, Jr., & Company, and at the date of her death there was a balance due them in the sum of $6,601.89. It does not seem to be questioned that had appellant inserted this deduction among the other deductions which were allowed it would have

been regarded as a proper deduction and allowed also. It was an oversight on her part that the item was not listed as a deduction. Another element, however, enters into this feature of the case. Appellant, through her counsel, John Hemphill, Esq., received notice by the chief appraiser of the Inheritance Tax Department of the completion of the appraisement and the filing thereof in the office of the register, said notice having been mailed to him under date of February 25, 1941. The letter of A. C. Wood, Jr. & Company to John Hemphill, Esq., notifying him on behalf of appellant of the liability of the estate in the sum of $6,601.89, was not mailed until March 1, 1941, so that it is reasonable to suppose that the knowledge of appellant of this liability did not come to her attention or that of her counsel until approximately five or six days after the filing of the appraisement. Under these circumstances it does not seem to have been by any negligence on her part that the deduction was not inserted in the list of deductions and the deduction should be allowed. Ordinarily, of course, once the appraisement is filed and the tax settled, additional deductions cannot be claimed, but where it appears that appellant did not know of the existence of the liability until after the filing of the appraisement the deduction should be allowed by the department when drawn to its attention, provided it is a proper deduction. As a procedural matter it would appear that appellant should have petitioned the Department of Revenue for this adjustment; however, we have no doubt that the department will take the recommendation of this court aside from procedural considerations in order to avoid circuity of action. This part of the appeal is sustained, and the additional deduction of $6,601.89 is allowed and the register is directed to calculate the tax in accordance herewith.

And now, January 22, 1942, it is directed that the tax be recalculated in accordance with this opinion.